WO

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter John Adams,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.<br><br>　　　　Respondents. | No. CV 05-2552-PHX-MHM (JRI)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, who is confined in the South Unit in the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court will require Petitioner to show cause within thirty days why his action should not be dismissed.

**A.   Motion to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust balance is less than $25.00. See Local Rule of Civil Procedure 3.5(b) (excess of $25.00 requires payment of the filing fee). Accordingly, the Application to Proceed *In Forma Pauperis* (Doc. #1) will be granted.

**B.   Procedural Background**

On February 22, 2000, after Petitioner pled guilty to sexual conduct with a minor and sexual conduct with a minor, he was sentenced to terms of twenty and twelve years. His state post-conviction proceedings were unsuccessful.

JDDL

In his habeas petition, Petitioner raises four grounds for relief: (1) his due process rights were violated because the State of Arizona lost personal and subject matter jurisdiction over him by failing to file a timely complaint after his arrest; (2) his due process rights were violated because he was not released when his preliminary hearing was not timely held; (3) his Fourth Amendment rights were violated by the illegal detention raised in grounds one and two; and (4) his counsel was ineffective by failing to contend that the State lacked jurisdiction.

## C.   Summary Dismissal

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." RULES GOVERNING § 2254 Cases, Rule 4; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Id.; see Obremski v. Maass, 915 F.2d 418 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law, but relying upon Rule 4 instead of Rule 12(b)(6)), cert. denied, 498 U.S. 1096 (1991).

Rule 4 shows that "Congress envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions." Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). Under Rule 4, courts may sua sponte raise issues that are identifiable from the face of the petition, including issues such as procedural default, Boyd, 147 F.3d at 1127-28, and the one-year limitation period of 28 U.S.C. § 2244(d), Herbst v. Cook, 260 F.3d 1039, 1041 (9th Cir. 2001). "It would waste scarce judicial resources for the district court to cause the facially defective petition to be served on the State and to entertain the State's ensuing motion to dismiss." Boyd, 147 F.3d at 1128.

This summary dismissal power is not without limits. Boyd, 147 F.3d at 1128. A court must give a petitioner notice and an opportunity to respond to the argument for dismissal. Id.; accord Herbst, 260 F.3d at 1043. When the petitioner is *pro se*, the court must make clear the issue and the consequences for failing to respond. Boyd, 147 F.3d at 1128.

Because the Court finds that Petitioner's application is facially defective, Petitioner is hereby given notice that his action will be dismissed unless he is able to file a response showing good cause why it should not be dismissed.

### D. **Petitioner's Claims**

In his first three grounds, Petitioner challenges his conviction on the basis that the detention prior to his guilty plea was illegal. It is well settled that illegal arrest or detention of a suspect does not void a subsequent conviction. Gerstein v. Pugh, 420 U.S. 103, 119 (1975) ("a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause"); Frisbie v. Collins, 342 U.S. 519, 522 (1952) (due process is satisfied when a person is convicted after having been fairly apprized of the charges and after a fair trial, regardless whether the person is forcibly brought within the court's jurisdiction"); Ker v. Illinois, 119 U.S. 436, 444 (1886) ("forcible abduction is no sufficient reason why the party should not answer when brought within the jurisdiction of the court which has the right to try him for such an offense, and present no valid objection to his trial in such court"); Myers v. Rhay, 577 F.2d 504, 507 (9th Cir. 1978) (citing foregoing line of authority). Accordingly, even assuming that Petitioner correctly claims that the detention prior to his guilty plea was illegal, that illegal detention does not serve as a basis to invalidate his conviction.

Petitioner's fourth ground, ineffective assistance of counsel, is based upon counsel's failure to contend that the illegal detention resulted in the lack of jurisdiction to prosecute Petitioner. For a claim of ineffective assistance of counsel, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under this standard, a defendant suffers no prejudice when there is a reasonable probability that counsel would not have prevailed on an issue even if it had been raised. Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance"), cert. denied, 519 U.S. 1142 (1997); James v. Borg, 24 F.3d 20, 27 (9th Cir.

1  1994) (showing of prejudice required when counsel fails to object), cert. denied, 513 U.S.
2  925 (1994).

3  Petitioner's initial appearance was on August 7, 1999, and the complaint was filed on
4  August 10, 1999.  Rule 4.1(b) of the Arizona Rules of Criminal Procedure requires that for
5  a warrantless arrest, the person must be released unless a complaint is filed within forty-eight
6  hours from the time of the initial appearance.  Petitioner believes he should have been
7  released on August 9 because no complaint had been filed.

8  Also, Rule 5.1(a) and (c) of the Arizona Rules of Criminal Procedure requires that a
9  person be released if the preliminary hearing is not held within ten days following the initial
10 appearance, unless certain exceptions apply.  Petitioner's initial appearance was on August
11 7, 1999, and he believes he should have been released on August 16; however, a supervening
12 indictment was filed on August 17.

13 There is a simple answer to Petitioner' dilemma.  Rule 1.3 of the Arizona Rules of
14 Criminal Procedure provides that for computing any period of time of more than twenty-four
15 hours, "the day of the act or event from which the designated period of time begins to run is
16 not to be included."  Considering this rule, the complaint was timely filed and the
17 supervening indictment was filed before the time period for a preliminary hearing expired.
18 An objection by counsel on either of these grounds would have been futile, and counsel is
19 not required by the Constitution to engage in an exercise in futility.

20 Moreover, even if Petitioner could show that state law somehow had been violated,
21 the prosecution could refile the charges against Petitioner.  Under Rule 16.6 of the Arizona
22 Rules of Criminal Procedure, dismissal "shall be without prejudice to commencement of
23 another prosecution, unless the court finds that the interests of justice require that the
24 dismissal be with prejudice."  Thus, even if counsel had been successful in having the
25 prosecution dismissed, a new prosecution would not have been precluded.  Accordingly,
26 Petitioner's claim that counsel was ineffective fails to warrant relief.

27
28

1

**E.      Show Cause**

2          In light of the foregoing, Petitioner is ordered to show cause within thirty days why

3  his action should not be summarily dismissed.  Petitioner's response shall be in the form of

4  a pleading entitled "Response," and his response must contain the reasons why his habeas

5  action should not be dismissed.  If he fails to respond within the thirty-day timeframe, his

6  action will be dismissed.

7  **F.      Warning of Possible Dismissal Pursuant to Rule 41**

8          Petitioner should take notice that if he fails to timely comply with every provision of

9  this Order, or any order of the Court entered in this matter, the action and Complaint will be

10  dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v.

11  Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply

12  with any order of the court), cert. denied, 506 U.S. 915 (1992).

13

14  **IT IS THEREFORE ORDERED:**

15          (1)   That Petitioner's Application to Proceed *In Forma Pauperis* is granted;

16          (2)   That Petitioner is ordered to show cause within **thirty days** of the date of filing

17  of this Order why his action should not be dismissed; and

18          (3)   That the Clerk of Court shall close this action and enter a judgment of dismissal

19  of this action without prejudice and without further order of the Court if a response to this

20  Order to Show Cause is not filed within **thirty days** of the date this Order is filed.

21
          DATED this 21st day of October, 2005.

22

23

24  _____
                        Mary H. Murgula
25                      United States District Judge

26

27

28

JDDL                                                  - 5 -